UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CESAR MONTIEL PEREZ,<br><br>         Debtor.<br>_____<br>MAURICE GRAYTON,<br><br>         Appellant,<br>v.<br><br>UNITED STATES TRUSTEE<br><br>         Appellee. | Case No.: 21-CV-83 JLS (MSB)<br><br>**ORDER GRANTING MOTION TO DISMISS APPEAL**<br><br>(ECF No. 7) |

   Presently before the Court is Appellee United States Trustee Tiffany Carroll's Motion to Dismiss Appeal ("Mot.," ECF No. 7). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See generally* ECF No. 10. Appellant Maurice Grayton ("Appellant" or "Mr. Grayton"), proceeding *pro se*, never filed an opposition to the motion.

   On March 11, 2021, the Court vacated merits briefing on the present appeal pending resolution of Appellee's motion to dismiss. ECF No. 10 at 1. The Court ordered Appellant to file an opposition to Appellee's motion by April 1, 2021. *Id.* at 2. The Court warned Appellant that it "may treat a failure to timely file an opposition to the motion to dismiss

as Appellant's consent to the granting of the motion." *Id.* at 2. In lieu of filing an opposition, Appellant filed his opening brief on March 31, 2021. *See* ECF No. 12.

The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). The Court could grant Appellee's Motion and dismiss the appeal on this basis; however, given Appellant's *pro se* status and public policy favoring disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), the Court examines the question of its own appellate jurisdiction on the merits. Having carefully reviewed the relevant law, the Court **GRANTS** Appellee's Motion to Dismiss.

## BACKGROUND

On January 3, 2020, the United States Trustee initiated an adversary proceeding against Mr. Grayton in the United States Bankruptcy Court for the Southern District of California. Mot. at 2; *see generally United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). Appellee alleges that Mr. Grayton "repeatedly refused to cooperate" with discovery requests in the bankruptcy court action. Mot. at 2. Therefore, Appellee filed two motions: one seeking to compel Mr. Grayton to produce initial disclosures, and another to compel Mr. Grayton to appear for his deposition. *Id.*; *see United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.), (ECF Nos. 106, 114).[1] Appellee also sought associated fees and costs. Mot. at 2. Mr. Grayton did not respond to the motions. *Id.* On January 18, 2021, the bankruptcy court granted the United States Trustee's motions and awarded costs. *Id.*; *see United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.), ("Sanctions Order," ECF No. 162), ("Dep. Order," ECF No. 162).

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

On January 15, 2021, Mr. Grayton filed a notice of appeal. *See generally* "Notice of Appeal," ECF No. 1. Under the section where Mr. Grayton must identify the subject of this appeal, he lists "Motion to Compel Initial Discovery, Motion for Attendance Deposition, Motion for Sanctions." *Id.* at 1. The Court liberally construes this statement to mean Mr. Grayton seeks to appeal the bankruptcy court orders granting the aforementioned motions. This action is one of four appeals[2] filed by Appellant in this District related to the underlying bankruptcy action, which is still pending before the bankruptcy court. *See generally* Docket of *United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). On March 10, 2021, Appellee filed the present Motion to Dismiss Appeal for lack of jurisdiction. ECF No. 3.

## LEGAL STANDARD

Federal district courts have jurisdiction over appeals of "final judgments, orders, and decrees" of bankruptcy courts. *See* 28 U.S.C. § 158(a)(1). Generally, district courts lack jurisdiction over appeals from interlocutory orders of bankruptcy judges except where the district court grants leave to appeal under 28 U.S.C. § 158(a)(3).

A determination of whether an order is final or interlocutory is jurisdictional and therefore can be raised sua sponte and reviewed de novo by an appellate court. *See In re Bonham*, 229 F.3d 750, 760–61 (9th Cir. 2000); *In re Belli*, 268 B.R. 851, 853 (B.A.P. 9th Cir. 2001). Denial of leave to appeal is left to the sound discretion of the court. *See In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003).

## ANALYSIS

**I.     Appeal as of Right**

Under section 158(a)(1), parties may appeal to a district court "final" orders in bankruptcy cases and proceedings "as of right." 28 U.S.C. § 158(a)(1); *see Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020); *Bullard v. Blue Bills Bank*, 575 U.S. 496 (2015). In the context of an adversary proceeding, an order is final if it would be

---

[2] *See* case nos. 3:20-cv-01616, 3:20-cv-02152, and 3:20-cv-02433.

considered an appealable final order in an ordinary federal civil action under 28 U.S.C. § 1291. *In re Belli*, 268 B.R. at 855 ("Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291."). Federal Rule of Civil Procedure 54(b) "controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings." *Id.* (citing Fed. R. Civ. P. 54(b), *incorporated by* Fed. R. Bankr. P. 7054(a)); *see Matter of King City Transit Mix, Inc.*, 738 F.2d 1065, 1066–67 (9th Cir. 1984) (applying Rule 54(b) in bankruptcy adversary proceedings). If there is a Rule 54(b) certification, it is treated as a final order over which appellate jurisdiction exists "as of right" under 28 U.S.C. § 158(a)(1).

However, the Ninth Circuit has held that "the fluid and sometimes chaotic nature of bankruptcy proceedings necessitates a degree of jurisdictional flexibility." *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015). "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n.3 (2006) (internal quotation marks and emphasis omitted). Section 158 provides the appellate court with jurisdiction over orders in bankruptcy cases that alter "the legal relationships among the parties." *Bullard*, 575 U.S. at 506. Therefore, to determine whether a particular order is final, the court examines "whether the bankruptcy court's decision: '1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (quoting *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016)). If "further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review." *In re Tech. Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987) (quoting *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir. 1985)).

The bankruptcy court's orders granting Appellee's discovery motions and awarding costs are not final orders that Appellant may appeal as of right. *See Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) ("Discovery orders . . . are interlocutory and thus not

usually subject to immediate appeal."); *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) ("A discovery order, unlike a final order, is interlocutory and non-appealable . . ."); *David v. Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir. 1977) ("[D]iscovery orders and sanctions in the form of civil penalties are held in most cases to be interlocutory and hence non-appealable as to the parties involved in the suit . . . ."). A review of the docket of the bankruptcy court proceedings reveals there has been no Rule 54(b) certification in Appellant's case. *See generally* Docket of *United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). Further, the bankruptcy court's orders did not adjudicate the parties' respective rights and liabilities. The bankruptcy court may revise or revisit its findings in these orders as the case progresses.

Therefore, the Court finds that the bankruptcy court's orders are not appealable as a matter of right. The Court now turns to whether to exercise its discretion and grant interlocutory review.

## II. Interlocutory Appeal

If an order is not final, the district court has jurisdiction to hear an appeal of an interlocutory order of a bankruptcy court if the district court grants leave to appeal. *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002, 8004(a)(2)(b). In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b) governing review of interlocutory district court orders by the courts of appeal. *See In re Belli*, 268 B.R. at 858; *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10, 2014). Therefore, leave to appeal a bankruptcy court's interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994) ("Leave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate

appeal would materially advance the ultimate termination of the litigation."). Additionally, "[i]nterlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *In re Cameron*, No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014).

As an initial matter, Appellant has not filed a motion for leave to appeal the bankruptcy court's interlocutory orders. *See* Fed. R. Bankr. P. 8004(a) (requiring a party seeking to appeal an interlocutory order under 28 U.S.C. § 158(a)(3) to file with his notice of appeal a motion for leave to appeal with certain required information). However, the Court "may treat a notice of appeal as a motion for leave to file an interlocutory appeal." *In re Belice*, 461 B.R. 564, 572 (B.A.P. 9th Cir. 2011); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." (citations omitted)).

Here, Appellant does not carry his burden to show that the orders meet the § 1292(b) test. Appellant offers no argument as to how this appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and the existence of such a question is not readily apparent to the Court from the interlocutory orders themselves. In his opening brief, Appellant argues his positions on the issues he wishes to appeal. *See generally* ECF No. 12. However, this information is not pertinent to the legal framework under which this Court analyzes a motion for leave to file an interlocutory appeal. Granting leave to appeal in this instance would waste judicial resources, increase litigation expense, and would only serve to delay the ultimate termination of this action.

Accordingly, the Court declines to exercise its discretion to hear this interlocutory appeal.

## CONCLUSION

For the reasons stated above, the Court finds the bankruptcy court's orders granting Appellee's discovery motions and awarding fees are interlocutory orders. Further, the Court finds interlocutory review is not warranted, and Appellant has not identified another

basis for jurisdiction. Accordingly, Appellee's motion to dismiss the appeal for lack of jurisdiction is **GRANTED**. The Court **DISMISSES** the appeal for lack of jurisdiction. The Clerk of Court **SHALL CLOSE** the file.

    **IT IS SO ORDERED**.

Dated: April 27, 2021

Hon. Janis L. Sammartino
United States District Judge